UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| KELLY L. MCCOY,<br><br>       Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>       Defendant. | No. 6:13-cv-01616-HU<br><br>**FINDINGS AND RECOMMENDATION** |

HUBEL, Magistrate Judge:

   This social security case was originally filed by Plaintiff Kelly McCoy ("Plaintiff") on September 13, 2013, challenging the denial of her claim for supplemental security income benefits under Title XVI of the Social Security Act.  After Plaintiff's counsel filed a twenty-page opening brief on July 3, 2014, the Commissioner of the Social Security Administration ("SSA" or "Commissioner") stipulated that the above-captioned case should be reversed and remanded for a new hearing and development of the record.  Judge Michael Simon entered an order to that effect on September 26, 2014.  Now before the Court is Plaintiff's stipulated application

Page 1 - FINDINGS AND RECOMMENDATION

(Docket No. 28) for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 27 U.S.C. § 2412.

The EAJA requires an award of attorney's fees to the prevailing plaintiff in a social security case, "unless the court finds that the position of the United States was substantially justified or . . . special circumstances make an award unjust." 28 U.S.C. § 2412(d). While

> the EAJA creates a presumption that fees will be awarded to a prevailing party, Congress did not intend fee shifting to be mandatory. The decision to deny EAJA attorney's fees is within the discretion of the court. A social security claimant is the 'prevailing party' following a sentence-four remand pursuant to 42 U.S.C. § 405(g) either for further administrative proceedings or for the payment of benefits. Fee awards under the EAJA are paid to the litigant, and not the litigant's attorney, unless the litigant has assigned his or her rights to counsel to receive the fee award.

*Frazier v. Colvin*, No. 3:13-cv-00673-SI, 2014 WL 1571890, at *1 (D. Or. Apr. 17, 2014) (internal citations omitted).

Plaintiff seeks an award of attorney's fees in the amount of $5,486.10 based on 28.95 hours of work (e.g., 4.75 hours multiplied by a 2013 applicable statutory maximum hourly rate of $187.02, plus 24.20 hours multiplied by a 2014 applicable statutory maximum hourly rate of $189.99). The Commissioner stipulates to the reasonableness of the requested fees. The Court has reviewed Plaintiff's motion and agrees with the parties that the EAJA petition is proper and the amount requested is reasonable.

Accordingly, Plaintiff's application (Docket No. 28) should be GRANTED. Plaintiff should be awarded $5,486.10 in attorney's fees under 28 U.S.C. § 2412. "Payment of this award shall be paid via check made payable to Plaintiff and mailed to Plaintiff's attorneys at Harder, Wells, Baron & Manning, P.C., 474 Willamette Street,

Page 2 - FINDINGS AND RECOMMENDATION

Eugene, Oregon 97401. Pursuant to *Astrue v. Ratliff*, [560 U.S. 586 (2010),] the award shall be made payable to Plaintiff's attorneys if the Commissioner confirms that Plaintiff owes no debt to the government through the federal treasury offset program." (Settlement & Stipulated Mot. at 1.)

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any, are due **January 2, 2015.** If no objections are filed, then the Findings and Recommendation will go under advisement on that date. If objections are filed, then a response is due **January 19, 2015.** When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

Dated this  15th  day of December, 2014.

/s/ Dennis J. Hubel
_____
DENNIS J. HUBEL
United States Magistrate Judge

Page 3 - FINDINGS AND RECOMMENDATION